## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Jim Wang, Dean Wang, and Yu Bai, | : | Civil Action No: |
| Plaintiffs, | : | Complaint and Jury Trial Demanded |
| v. | : | |
| Maserati North America, Inc., and John Does 1-10, | : | |
| Defendants. | : | |

Plaintiffs Jim Wang, Dean Wang, and Yu Bai (collectively "plaintiffs"), by and through their undersigned counsel, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of Complaint against defendants Maserati North America, Inc. ("Maserati") and John Does 1-10 ("John Doe") (collectively "defendants"), hereby says, states, and avers as follows:

### THE PARTIES

1. Plaintiffs are New Jersey residents with an address of 10 Fairway Drive, Voorhees, NJ 08043.

2. Maserati is a luxury vehicle manufacturer corporation existing under the laws of the State of Delaware with its principal place of business located at 1 Chrysler Dr., Auburn Hills, MI 48326. Maserati does business throughout the country, including in the State of New Jersey.

3. John Does 1-10 are unidentified individuals who acted or failed to act in accordance with a manner that was required of them.

3310559.1

## JURISDICTION

4.     This Court's jurisdiction is based upon diversity of citizenship as set forth in 28 U.S.C. § 1332 in that plaintiffs are citizens of a different state or country than each of the defendants.

5.     This Court has personal jurisdiction over the defendant Maserati because it regularly conducted business in New Jersey with specific connection to the marketing and sale of their vehicles.

6.     The amount in controversy with respect to each defendant is in excess of Seventy-Five Thousand Dollars, exclusive of interest and costs.

## VENUE

7.     Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because a substantial part of the transactions and issues that give rise to plaintiffs' claims occurred in this judicial district.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

8.     Plaintiffs incorporate by reference the above paragraphs as if fully set forth at length herein.

9.     During all relevant times, plaintiffs were the owners of, and/or had an intertest in, the real and personal property located at 10 Fairway Drive, Voorhees, NJ 08043, a two-story house (the "Property").

10.     During all times relevant, plaintiffs leased the Property for residential use (the "Lease").

11.     During all relevant times, the Tenant to the Lease owned or leased a 2018

3310559.1

Maserati Granturismo (the "Maserati Vehicle") which was manufactured by Maserati.

12. On December 24, 2021, a fire occurred at the Property.

13. The fire originated in the garage in the Property.

14. At the time that the fire originated, there were two cars parked in the garage of the Property: the Maserati Vehicle and a Toyota Land Rover (the "Toyota Vehicle").

15. At the time of the fire, the Maserati Vehicle was parked in the left bay of the garage and the Toyota Vehicle was parked in the right bay of the garage.

16. The Maserati Vehicle sustained significant damage, which included extensive fire damage to its engine compartment.

17. The hood of the Maserati Vehicle was completely consumed by fire.

18. Other areas of the Maserati Vehicle showed significantly less fire damage than the engine compartment and the hood.

19. Upon information and belief, the fire originated in the engine compartment of the Maserati Vehicle.

20. The fire was caused by a defect in the Maserati Vehicle.

21. As a result of the fire, plaintiffs have been damaged.

### COUNT I
### PRODUCT LIABILITY-STRICT LIABILITY – DESIGN DEFECT AGAINST MASERATI

22. The foregoing paragraphs are incorporated herein by reference as if set forth fully at length.

23. At the time the Maserati Vehicle was sold by Maserati to its owner, and placed in the garage of the Property, the Maserati Vehicle was not reasonably safe, was defectively

3310559.1

designed and in a condition not reasonably contemplated by plaintiffs, carried substantial risk of serious injury for adults, and lacked the necessary warning regarding the same.

24.    At the time the Maserati Vehicle was sold by Maserati to its owner, and placed in the garage of the Property, the product posed a substantial likelihood of harm to plaintiffs or any other person, or real or personal property, and was unreasonably dangerous to an extent beyond that which would be contemplated by anyone with ordinary knowledge.

25.    No reasonable person who knew the risk of harm of using the Maserati Vehicle at the time of the manufacture would conclude that the benefit of the product outweighed the risk.

26.    The defective design of the Maserati vehicle was the sole and/or substantial cause and/or factor in bringing about plaintiffs' injuries or damages.

**WHEREFORE**, plaintiffs demand judgment against Maserati in excess of One Million Dollars ($1,000,000.00) in accordance with the Court Rules, and for such other relief as the Court deems equitable and just.

**COUNT II**
**PRODUCT LIABILITY-STRICT LIABILITY –**
**MANUFACTURING DEFECT AGAINST MASERATI**

27.    The foregoing paragraphs are incorporated herein by reference as if set forth fully at length.

28.    At the time the Maserati Vehicle was sold by Maserati to its owner, and placed in the garage of the Property, the Maserati Vehicle was not reasonably safe, was defectively manufactured and in a condition not reasonably contemplated by plaintiffs, carried substantial risk of serious injury, and lacked the necessary warning regarding the same.

29.    At the time the Maserati Vehicle was sold by Maserati to its owner, and placed in

3310559.1

the garage of the Property, the product posed a substantial likelihood of harm to plaintiffs or any other person, or to real or personal property, and was unreasonably dangerous to an extent beyond that which would be contemplated.

30.     No reasonable person who knew the risk of harm of using the Maserati Vehicle at the time of the manufacture would conclude that the benefit of the product outweighed the risk.

31.     The defective manufacturing of the Maserati vehicle was the sole and/or substantial cause and/or factor in bringing about plaintiffs' injuries or damages.

**WHEREFORE**, plaintiffs demand judgment against Maserati in excess of One Million Dollars ($1,000,000.00) in accordance with the Court Rules, and for such other relief as the Court deems equitable and just.

## COUNT III

### FAILURE TO WARN AGAINST DEFENDANT MASERATI

32.     The foregoing paragraphs are incorporated herein by reference as if set forth fully at length.

33.     The Maserati Vehicle was defective because Maserati failed to properly label, market, or warn of its risks.

34.     Had plaintiffs known of the Maserati Vehicle's potential for causing permanent harm and/or adverse events, they would not have allowed the Maserati Vehicle to be parked in the Property's garage.

35.     Maserati is liable under New Jersey law for its negligent acts in failing to warn of the true dangers of the Maserati Vehicle.

36.     Furthermore, Maserati is strictly liable under New Jersey law for failing to

3310559.1

warn of the vehicle's true dangers.

37.    As a direct and proximate result of Maserati's wrongful actions, plaintiffs have suffered damages.

**WHEREFORE**, plaintiffs demand judgment against Maserati in excess of One Million Dollars ($1,000,000.00) in accordance with the Court Rules, and for such other relief as the Court deems equitable and just.

## COUNT IV

### NEGLIGENCE AGAINST DEFENDANTS MASERATI AND JOHN DOES 1-10

38.    The foregoing paragraphs are incorporated herein by reference as if set forth fully at length.

39.    Maserati was negligent in that it negligently manufactured the Maserati Vehicle which caused the fire and ultimately caused damage to the Property.

40.    In the event that Maserati is not the sole cause of the plaintiff's damages, then John Does 1-10 were negligent in causing the fire to originate in the Maserati Vehicle or elsewhere.

41.    John Doe was negligent by failing to properly maintain the Maserati Vehicle, resulting in the Maserati Vehicle causing a fire.

42.    Defendants acted with reckless disregard for the safety and property of others, including plaintiffs.

43.    As a direct and proximate result of the negligence of defendants, and their reckless disregard for the safety of others including plaintiffs, plaintiffs have been substantially and permanently injured and damaged as outlined above.

3310559.1

**WHEREFORE**, plaintiffs demand judgment against defendants, jointly and severally, for One Million Dollars ($1,000,000.00), which includes compensatory damages, consequential damages, treble damages, punitive damages, attorneys' fees and costs of suit, and interest in accordance with the Court Rules, and for such other relief as the Court deems equitable and just.

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**

By:    /s/ *Jeffrey P. Resnick*
Jeffrey P. Resnick, Esquire (#030481995)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 661-2080
E-Mail: jresnick@shermansilverstein.com
Attorneys for Plaintiffs

Dated:     April 30, 2023

## JURY TRIAL DEMAND

Please take notice that the plaintiffs demand a trial by jury as to all issues in the above matter.

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**

By:    /s/ *Jeffrey P. Resnick*
Jeffrey P. Resnick, Esquire (#030481995)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 661-2080
E-Mail: jresnick@shermansilverstein.com
Attorneys for Plaintiffs

Dated:     April 30, 2023

3310559.1